**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**CASE NO. 4:25-CV-05009**

In re,

**NELKIN & NELKIN, P.C.**
DEBTOR

**TWO RIVERS COFFEE, LLC and STEVEN SCHREIBER,**
Appellants

v.

**NELKIN & NELKIN, P.C.**
Appellee

On Appeal from the United States Bankruptcy Court
For the Southern District of Texas, Houston Division
Bankr. Case No. 23-34054

**BRIEF OF APPELLEE – NELKIN & NELKIN, P.C.**

**Johnie J. Patterson**
Texas Bar No. 15601700
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, Texas 77208-1301
Telephone: (713) 956-5577
Facsimile: (713) 956-5570
jjp@walkerandpatterson.com
mgoott@walkerandpatterson.com
**COUNSEL FOR APPELLEE NELKIN & NELKIN, P.C.**

1

**TABLE OF CONTENTS**

Jurisdictional Statement ................................................................................................5

Statement of the Issues and Standard of Review ..........................................................6

Statement of the Case....................................................................................................7

Summary of Argument ..................................................................................................9

Argument ....................................................................................................................10

I.  Nelkin's charging lien and contingency-fee interest are vested property rights of the estate under New York law. ..................................................................................................10

II.  The Two Rivers Parties' fee-forfeiture litigation is a discharged prepetition claim. ...............11

III.  The Bankruptcy Court correctly applied Taggart's objective standard. ................................13

IV.  The Bankruptcy Court properly exercised post-confirmation jurisdiction. ...........................14

V.  The purge provision is a lawful coercive civil-contempt remedy. ..........................................15

Conclusion ..................................................................................................................17

## TABLE OF AUTHORITIES

**Supreme Court**

*Butner v. United States*, 440 U.S. 48 (1979).......................................................................................10

*Johnson v. Home State Bank*, 501 U.S. 78 (1991)...........................................................................11

*McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949) ............................................................14

*Ohio v. Kovacs*, 469 U.S. 274 (1985) .................................................................................................11

*Taggart v. Lorenzen*, 587 U.S. 554 (2019) ......................................................................6, 8, 9, 13

*Travelers Indemnity Co. v. Bailey*, 557 U.S. 137 (2009).........................................................14, 15

**Fifth Circuit**

*Baker v. Baker (In re Baker)*, 593 F. App'x 416 (5th Cir. 2015) .................................................15

*Highland Capital Mgmt. LP v. Chesapeake Energy Corp. (In re Seven Seas Petroleum, Inc.*), 522 F.3d 575 (5th Cir. 2008) .....................................................................................................................14

*Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51 (5th Cir. 1993)......................................14

*In re Christopher*, 28 F.3d 512 (5th Cir. 1994) ...............................................................................12

*Ingalls v. Thompson (In re Bradley)*, 588 F.3d 254 (5th Cir. 2009)........................................6, 15

*M.D. by Stukenberg v. Abbott*, 119 F.4th 373 (5th Cir. 2024)....................................................16

*Martin v. Trinity Industries, Inc.*, 959 F.2d 45 (5th Cir. 1992).....................................................13

*Natixis Funding Corp. v. GenOn Mid-Atlantic, L.L.C. (In re GenOn Mid-Atlantic Dev., L.L.C.)*, 42 F.4th 523 (5th Cir. 2022) .....................................................................................................................14

*NLRB v. Concordia Elec. Coop.*, 1999 U.S. App. LEXIS 41513 (5th Cir. Nov. 9, 1999)............15

*Placid Ref. Co. v. Terrebonne Fuel & Lube (In re Terrebonne Fuel & Lube)*, 108 F.3d 609 (5th Cir. 1997) ........................................................................................................................................................6

*Rapp v. Tucker, Vaughan, Gardner, & Barnes PC (In re Mandall & Wright)*, 176 F. App'x 540 (5th Cir. 2006)................................................................................................................................................11

*Raymond James & Assocs. v. Jalbert (In re German Pellets La., L.L.C.)*, 91 F.4th 802 (5th Cir. 2024) .......................................................................................................................................................9, 12, 13

*RDNJ Trowbridge v. Chesapeake Energy Corp. (In re Chesapeake Energy Corp.),* 70 F.4th 273 (5th Cir. 2023).................................................................................................................................................14

*Waste Mgmt. of Wash. v. Kattler*, 776 F.3d 336 (5th Cir. 2015) .................................................14

**District and Bankruptcy Courts**

*In re Franklin*, 448 B.R. 744 (Bankr. M.D. La. 2011) .................................................................12

*In re M & C P'ship*, 2021 Bankr. LEXIS 3702 (Bankr. E.D. La. Mar. 15, 2021)........................12

*In re River Ctr. Holdings, LLC*, 394 B.R. 704 (Bankr. S.D.N.Y. 2008) .......................................10

*Otto v. Texas Tamale Co. (In re Texas Tamale Co.)*, 219 B.R. 732 (Bankr. S.D. Tex. 1998) ......12

*Vanguard Operating, LLC v. Sublette Cty. Treasurer (In re Vanguard Nat. Res., LLC)*, 2020 Bankr. LEXIS 83 (Bankr. S.D. Tex. Jan. 14, 2020) .......................................................................12

**New York Authorities**

*Empire United Lines Co. v. Feldman*, 2025 U.S. Dist. LEXIS 45238 (E.D.N.Y. Mar. 12, 2025) 10

*Fischer-Hansen v. Brooklyn Heights R.R. Co.*, 173 N.Y. 492 (1903)...........................................12

*In re City of New York*, 5 N.Y.2d 300 (1959) ................................................................................10

*LMWT Realty Corp. v. Davis Agency, Inc.*, 85 N.Y.2d 462 (1995)...........................................9, 10

*Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York*, 302 A.D.2d 183 (1st Dep't 2002) ...............................................................................................................................................12

*Tunick v. Shaw*, 45 A.D.3d 145 (1st Dep't 2007) ...........................................................................10

*Williams v. Hertz Corp.*, 59 N.Y.2d 893 (1983) ............................................................................10

**Statutes and Rules**

11 U.S.C. §§ 101(5), 502(b)(9), 524(a)(2), 541(a), 1141(a), 1141(c), 1141(d), 1191(a)

28 U.S.C. §§ 157, 158, 1334, 1409

FED. R. BANKR. P. 3003, 8002

N.Y. Judiciary Law § 475

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under 28 U.S.C. § 158(a)(1). The Bankruptcy Court's October 1, 2025 Memorandum Opinion and Order adjudicated contempt, imposed coercive sanctions, and awarded attorneys' fees, making it a final, appealable order.

Before reaching the merits, the Court should consider whether this appeal is timely and whether the notice of appeal reaches the operative contempt order. As Nelkin explained in the related appeal (Case No. 4:25-CV-05008), the initial contempt order was later abated and replaced by a November 18, 2025 Order that modified the purge conditions and reset the compliance deadline. Appellants never filed a notice of appeal from the November 18 Order. Because more than fourteen days have passed since entry of that Order, the appeal may be untimely under 28 U.S.C. § 158(c)(2) and Bankruptcy Rule 8002. Out of caution, Appellee addresses the merits as well.

## STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

Appellants misstate the governing standard. A bankruptcy court's contempt determination and imposition of sanctions are reviewed for abuse of discretion. *In re Bradley*, 588 F.3d 254, 261 (5th Cir. 2009); *Placid Ref. Co. v. Terrebonne Fuel & Lube*, 108 F.3d 609, 613 (5th Cir. 1997). That standard is "highly deferential." A court abuses its discretion only when it applies an erroneous legal standard, relies on clearly erroneous factual findings, or reaches a conclusion no reasonable court could reach. Where contempt turns on the meaning of a discharge injunction and the contemnors' conduct in light of the record, the bankruptcy court's familiarity with the case commands particular respect.

Within that framework, underlying conclusions of law are reviewed de novo and findings of fact for clear error, but the ultimate contempt determination is discretionary. *In re Bradley*, 588 F.3d at 261.

**The issues presented are:**

1. Whether Nelkin's charging lien and contingency-fee interest under New York Judiciary Law § 475 constituted a vested property interest that became property of the estate under 11 U.S.C. § 541(a).

2. Whether the Two Rivers Parties' effort to vacate the charging lien, forfeit Nelkin's fee, and eliminate Nelkin's entitlement to settlement proceeds was an affirmative prepetition claim that was discharged when they failed to file proofs of claim despite actual notice.

3. Whether the Bankruptcy Court correctly applied *Taggart v. Lorenzen*, 587 U.S. 554 (2019), in finding no fair ground of doubt that Appellants' post-confirmation conduct violated the discharge injunction.

4. Whether the Bankruptcy Court properly exercised post-confirmation jurisdiction to interpret and enforce its confirmation order and determine the estate's property interest.

5. Whether the purge provision requiring Appellants and their counsel to seek dismissal with prejudice of discharged causes of action was a lawful coercive civil-contempt remedy.

## STATEMENT OF THE CASE

### 1. The underlying fee dispute.

In May 2015, Steven and Eugene Schreiber, together with Two Rivers Coffee, LLC, retained Nelkin & Nelkin, P.C. on a contingency-fee basis to prosecute litigation in the Eastern District of New York. Nelkin's three-year effort produced a global settlement in August 2018 that delivered substantial benefits to the Schreibers, including full ownership of Two Rivers Coffee and significant cash value. Shortly after the settlement became binding, however, the Schreibers challenged Nelkin's fees.

On August 15, 2018, Nelkin filed a notice of charging lien in the EDNY litigation. The lien arose from the retainer agreement and attached to the cause of action and settlement proceeds under New York Judiciary Law § 475. The parties later arranged for disputed funds to be placed in the EDNY court registry.

### 2. The fee-forfeiture motion.

On March 7, 2019, the Two Rivers Parties, through Raphael Rosenblatt, filed a motion in the EDNY seeking to have Nelkin declared discharged for cause, to vacate the charging lien, and to forfeit Nelkin's fees. The Bankruptcy Court termed this the "Fee Recovery Litigation." After an intermediate ruling was reversed, the motion remained pending. Appellants characterize this motion as a "defense," but the relief sought was affirmative: elimination of Nelkin's fee, vacatur of its lien, and extinguishment of its right to settlement proceeds. The motion was filed years before bankruptcy and was based on alleged prepetition misconduct.

### 3. The bankruptcy case.

Nelkin filed its Subchapter V chapter 11 petition on August 25, 2023. In its schedules, Nelkin listed the charging lien as a primary asset valued at approximately $12.75 million and listed the Two Rivers Parties as holders of disputed prepetition litigation claims. The Bankruptcy Court set December 26, 2023 as the bar date. The Two Rivers Parties had actual notice from the outset, entered an appearance, and monitored the docket, yet never filed a proof of claim.

### 4. Stay relief and confirmation.

The parties entered into an agreed order permitting mediation, and upon impasse, the Bankruptcy Court terminated the stay "only to the extent that the Parties may conclude the fee-dispute litigation" in the EDNY. That order addressed the automatic stay; it did not address discharge. On February 14, 2025, the Bankruptcy Court confirmed Nelkin's plan. The plan discharged pre-confirmation debts under 11 U.S.C. § 1141(d)(1)(A), bound all creditors under § 1141(a), and vested estate property in the reorganized debtor free and clear under § 1141(c).

**5. The post-confirmation violation.**

Three days after confirmation, Rosenblatt wrote to Magistrate Judge Cheryl Pollak, stating that "the only issue remaining before this Court is the pending fee dispute that can proceed without regard to the Texas proceeding." The Bankruptcy Court treated that letter as a deliberate invitation to continue litigating discharged claims against estate property in defiance of the confirmation order.

After briefing and an evidentiary hearing, the Bankruptcy Court entered its October 1, 2025 Memorandum Opinion finding the Two Rivers Parties and Rosenblatt in civil contempt. The court found that the charging lien was a vested property right, the fee-forfeiture litigation was a discharged affirmative claim, and Appellants' conduct was objectively unreasonable under *Taggart*. To purge contempt, the court required Appellants and counsel to seek dismissal with prejudice of the EDNY causes of action, subject to coercive daily sanctions for noncompliance.

## SUMMARY OF ARGUMENT

The contempt order should be affirmed. Appellants' appeal rests on two false premises: that Nelkin's charging lien was not estate property, and that the Two Rivers Parties' fee-forfeiture motion was merely defensive.

New York law defeats the first premise. Under *LMWT Realty Corp. v. Davis Agency, Inc.*, 85 N.Y.2d 462, 467–68 (1995), a charging lien gives the attorney "an equitable ownership interest in the client's cause of action" and is "a vested property right created by law and not a priority of payment." The Bankruptcy Court correctly held that Nelkin's contingency-fee interest became property of the estate under 11 U.S.C. § 541(a) and revested in the reorganized debtor free and clear under § 1141(c).

Bankruptcy law defeats the second premise. The Two Rivers Parties were scheduled as holders of disputed prepetition claims, had actual notice of the bar date, and chose not to file proofs of claim. Their effort to eliminate Nelkin's fee and vacate its lien was an affirmative claim—however relabeled. Under *In re German Pellets La., L.L.C.*, 91 F.4th 802, 809 (5th Cir. 2024), creditors with actual knowledge who fail to come forward lose their rights through the sweeping discharge of Chapter 11.

The Bankruptcy Court also correctly applied *Taggart*. There was no fair ground of doubt after confirmation that Rosenblatt could advise the EDNY to proceed "without regard" to the Texas bankruptcy. *Taggart*'s objective standard does not immunize conduct that disregards an operative confirmation order and discharge injunction merely because the contemnor repeats losing arguments.

The Bankruptcy Court had post-confirmation jurisdiction to interpret and enforce its own confirmation order, and the purge provision was a tailored coercive remedy. The order should be affirmed in full.

**ARGUMENT**

**I. Nelkin's charging lien and contingency-fee interest are vested property rights of the estate under New York law.**

Property interests in bankruptcy are defined by applicable nonbankruptcy law. *Butner v. United States*, 440 U.S. 48, 54–55 (1979). Because the fee agreement, charging lien, and settlement proceeds arose from New York litigation, New York law governs the nature of Nelkin's interest.

New York Judiciary Law § 475 provides that, from the commencement of an action, the attorney who appears for a party has a lien upon the client's cause of action, which attaches to a verdict, settlement, or proceeds. The New York Court of Appeals has made clear that this lien is not merely a procedural payment priority. In *LMWT Realty Corp. v. Davis Agency, Inc.*, 85 N.Y.2d 462, 467–68 (1995), the court held that a charging lien gives the attorney "an equitable ownership interest in the client's cause of action" and is "a vested property right created by law and not a priority of payment." The attorney "acquires a vested property interest which cannot subsequently be disturbed by the client or anyone claiming through or against the client." *Id.*

The Bankruptcy Court applied *LMWT* correctly. It also relied on *In re City of New York*, 5 N.Y.2d 300, 307 (1959), recognizing that an attorney acquires "title to 'property and rights to property,'" and on *Empire United Lines Co. v. Feldman*, 2025 U.S. Dist. LEXIS 45238, at *6–7 (E.D.N.Y. Mar. 12, 2025), which recently reaffirmed the vested-property-interest nature of a New York charging lien.

Appellants attempt to reduce the lien to an inchoate interest because the exact amount of Nelkin's fee had not been fixed. But New York law distinguishes between the existence of a vested right and its later quantification. *LMWT* holds the interest vests upon the retainer agreement and commencement of the action. *Tunick v. Shaw*, 45 A.D.3d 145, 148–49 (1st Dep't 2007), explains that the lien follows proceeds wherever they may be found. And *In re River Ctr. Holdings, LLC*, 394 B.R. 704, 718 (Bankr. S.D.N.Y. 2008), recognizes that such charging liens are "presumptively valid" and constitute equitable ownership interests.

*Williams v. Hertz Corp.*, 59 N.Y.2d 893 (1983), does not aid Appellants. That case stands for the proposition that a court may need to fix the amount of a lien before enforcement against a

third party; it does not erase the underlying vested right. The Bankruptcy Court correctly concluded that Nelkin's contingency-fee interest existed prepetition and therefore entered the estate under § 541(a). The Fifth Circuit agrees that prepetition contingent-fee contracts constitute estate property. *Rapp v. Tucker, Vaughan, Gardner, & Barnes PC (In re Mandall & Wright)*, 176 F. App'x 540, 541 (5th Cir. 2006).

Once confirmation occurred, the plan's vesting language and § 1141(c) transferred estate property to the reorganized debtor free and clear of claims and interests. The plan specifically dealt with the contingency-fee interest. Under Fifth Circuit law, confirmation extinguishes interests not preserved in the confirmed plan where the holder participated in the reorganization. *Elixir Indus. v. City Bank & Tr. Co. (In re Ahern Enters., Inc.)*, 507 F.3d 817, 820–22 (5th Cir. 2007). Here, the Two Rivers Parties participated: they appeared, monitored the docket, opposed the plan, and actively litigated throughout the case. Their interest was extinguished upon confirmation.

## II. The Two Rivers Parties' fee-forfeiture litigation is a discharged prepetition claim.

Appellants' central rhetorical move is to call their fee-forfeiture litigation a "defense." Labels do not control. Bankruptcy looks to substance, and the substance of the March 7, 2019 EDNY motion was a demand for affirmative relief: a declaration that Nelkin was discharged for cause, vacatur of the charging lien, forfeiture of fees, and denial of any entitlement to settlement proceeds. That is not passive resistance to a collection effort. It is an effort to strip the debtor of its vested fee interest.

The Bankruptcy Code defines "claim" with the broadest possible scope, including "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment." 11 U.S.C. § 101(5)(B); *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991). Fee forfeiture is an equitable remedy. *Ohio v. Kovacs*, 469 U.S. 274, 279 (1985), confirms that equitable remedies effectively converted into monetary obligations are dischargeable claims. The Bankruptcy Court correctly treated the fee-forfeiture motion as a "claim" under the Code.

The court also correctly relied on New York authorities recognizing that a claim for forfeiture of legal fees based on an attorney's discharge for cause is a claim for disgorgement. *State Auto v. Trachtenberg*, 2024 N.Y. Misc. LEXIS 18663, at *5 (Sup. Ct. May 6, 2024); *Access*

11

*Point Med., LLC v. Mandell*, 106 A.D.3d 40, 44 (1st Dep't 2013). Appellants contend these cases are distinguishable because they involved fees already paid. But the distinction is immaterial to the character of the claim under § 101(5): in both scenarios, the claimant seeks an equitable remedy that gives rise to a right to payment.

Appellants invoke *Fischer-Hansen v. Brooklyn Heights R.R. Co.*, 173 N.Y. 492 (1903), and *Schneider, Kleinick, Weitz, Damashek & Shoot v. City of New York*, 302 A.D.2d 183 (1st Dep't 2002), for the proposition that charging-lien proceedings are "open to defenses." That is true as far as it goes, but it does not answer the bankruptcy question. A litigant may possess a state-law defense in one forum and still lose the right to press related affirmative relief against a debtor if bankruptcy law requires a proof of claim and the claimant fails to file one. The Bankruptcy Court did not hold that New York ceases to recognize discharge-for-cause arguments. It held that, after bankruptcy confirmation, the Two Rivers Parties could not continue prosecuting affirmative relief against estate property without having preserved their rights in the chapter 11 case.

The Bankruptcy Code and Fifth Circuit precedent compelled that result. Nelkin scheduled the Two Rivers Parties as holders of disputed prepetition litigation claims. Federal Rule of Bankruptcy Procedure 3003(c)(2) required them to file proofs of claim. They had actual notice of the case and bar date and chose not to act. Under 11 U.S.C. §§ 1141(a), 1141(d), and 524(a)(2), and under *In re German Pellets La., L.L.C.*, 91 F.4th 802, 809 (5th Cir. 2024), creditors with actual knowledge who do not come forward lose their rights through the Chapter 11 discharge. Accord *In re Christopher*, 28 F.3d 512, 515, 519 (5th Cir. 1994) (party with actual knowledge bound by plan regardless of whether it was scheduled).

The Bankruptcy Court also correctly relied on authorities explaining the consequences of not filing. *In re Franklin*, 448 B.R. 744, 747–48 (Bankr. M.D. La. 2011), and *In re M & C P'ship*, 2021 Bankr. LEXIS 3702, at *14 (Bankr. E.D. La. Mar. 15, 2021), recognize that a scheduled creditor who fails to file a required proof of claim cannot vote, cannot receive distributions, and has the claim discharged. *Otto v. Texas Tamale Co. (In re Texas Tamale Co.)*, 219 B.R. 732, 737 (Bankr. S.D. Tex. 1998); *In re Vanguard Nat. Res., LLC*, 2020 Bankr. LEXIS 83, at *79 (Bankr. S.D. Tex. Jan. 14, 2020).

Appellants insist they were not "creditors" because they sought no payment "from" Nelkin. But their motion sought to eliminate Nelkin's right to a portion of the settlement proceeds. Section 524(a)(2) expressly bars acts to "collect, recover or offset" a discharged debt—and the Fifth Circuit enforces plan injunctions against defensive uses of discharged claims including setoff and recoupment. *In re German Pellets*, 91 F.4th at 809. Bankruptcy law does not permit a party to stand outside the claims process, allow confirmation to occur, and then continue litigating for estate value elsewhere.

### III. The Bankruptcy Court correctly applied Taggart's objective standard.

Under *Taggart v. Lorenzen*, 587 U.S. 554, 560–61 (2019), civil contempt is appropriate when there is "no fair ground of doubt" whether the discharge order barred the conduct. The standard is objective. A party's subjective belief does not insulate it if that belief is objectively unreasonable.

Rosenblatt's February 17, 2025 letter informed the EDNY that the fee dispute could proceed "without regard" to the Texas bankruptcy proceeding. This was sent three days after confirmation, with full knowledge of the confirmation order's terms. That is not a colorable interpretation of a complex discharge order; it is an affirmative invitation to disregard it.

Appellants argue they had fair grounds for doubt based on three theories. None withstands scrutiny.

*First*, the defense/claim argument begged the very question the Bankruptcy Court was deciding. A litigant does not create fair ground of doubt merely by repeating the merits argument the issuing court later rejects. The Fifth Circuit has recognized that contempt is not avoided simply because a party's position is debatable; what matters is whether the conduct was objectively reasonable in light of the operative order. *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992).

*Second*, the EDNY court's June 8, 2025 order cannot retroactively justify the February 17, 2025 letter. The order post-dated the contemptuous act by nearly four months. And even that order did not finally determine ownership of the settlement funds; it expressly noted it was "not ruling on the status of the escrow assets." An attorney cannot use a subsequent ruling from a different

court to retroactively justify a prior violation of a federal injunction. Moreover, the EDNY magistrate judge lacked jurisdiction to interpret the Bankruptcy Court's confirmation order. *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151 (2009) (bankruptcy court retains jurisdiction to interpret and enforce its own prior orders).

*Third*, stay relief before confirmation did not override the later legal effects of confirmation. The Agreed Order and the June 21, 2024 Order addressed the automatic stay and the temporary restraining order. Upon discharge, the permanent discharge injunction under § 524(a)(2) replaced the automatic stay. Permission to continue litigation while the bankruptcy case was pending is not perpetual permission to ignore a later discharge. *Houston v. Edgeworth (In re Edgeworth)*, 993 F.2d 51, 53 (5th Cir. 1993) (§ 524(a)(2) enjoins suits to "collect, recover or offset" a debt as the personal liability of the debtor).

The Bankruptcy Court was entitled to consider the broader record. The Two Rivers Parties had actual bankruptcy notice, never filed proofs of claim, knew confirmation had occurred, and still told the EDNY to proceed without regard to Texas. The contemptuous actions need not have been willful. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949); *Waste Mgmt. of Wash. v. Kattler*, 776 F.3d 336, 341 (5th Cir. 2015). On these facts, the Bankruptcy Court did not abuse its discretion in finding no fair ground of doubt.

## IV. The Bankruptcy Court properly exercised post-confirmation jurisdiction.

Appellants attack jurisdiction on the ground that the settlement funds remain in the EDNY registry. That argument confuses possession of funds with adjudicatory authority over the effect of a bankruptcy confirmation order.

The Fifth Circuit repeatedly recognizes post-confirmation jurisdiction over matters pertaining to implementation and execution of the plan and enforcement of the bankruptcy court's own orders. *Highland Capital Mgmt. LP v. Chesapeake Energy Corp. (In re Seven Seas Petroleum, Inc.)*, 522 F.3d 575, 589 (5th Cir. 2008); *RDNJ Trowbridge v. Chesapeake Energy Corp. (In re Chesapeake Energy Corp.)*, 70 F.4th 273, 281 (5th Cir. 2023); *Natixis Funding Corp. v. GenOn Mid-Atlantic, L.L.C. (In re GenOn Mid-Atlantic Dev., L.L.C.)*, 42 F.4th 523, 535 (5th Cir. 2022);

14

*Baker v. Baker (In re Baker)*, 593 F. App'x 416, 417 (5th Cir. 2015); *Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 151 (2009).

That is exactly what occurred here. The Bankruptcy Court did not order the EDNY clerk to release funds. It determined what property interest Nelkin held, what claims were discharged, and whether Appellants' conduct violated the confirmation order. Those are core bankruptcy functions tied directly to plan administration and implementation.

The *in custodia legis* doctrine does not change the analysis. That doctrine prevents one court from physically seizing property held by another; it does not divest the bankruptcy court of subject-matter jurisdiction over legal and equitable interests in estate property. 28 U.S.C. § 1334(e)(1) grants the bankruptcy court "exclusive jurisdiction of all the property, wherever located, of the debtor." Appellants' contrary reading would let any party evade a chapter 11 confirmation order simply by pointing to another court's registry.

## V. The purge provision is a lawful coercive civil-contempt remedy.

Civil contempt remedies may coerce compliance and compensate the injured party. The Bankruptcy Court required Appellants and Rosenblatt to purge contempt by seeking dismissal with prejudice of their discharged EDNY causes of action and imposed daily sanctions of $100 for noncompliance. That is a classic coercive remedy directed at ending an ongoing violation. *In re Bradley*, 588 F.3d at 263; *NLRB v. Concordia Elec. Coop.*, 1999 U.S. App. LEXIS 41513, at *18 (5th Cir. Nov. 9, 1999).

Appellants contend the purge condition forced counsel into a conflict of interest. An attorney has no legitimate interest in continuing to prosecute claims a court has ruled discharged and enjoined. An attorney is an officer of the court whose duty to represent clients zealously is bounded by the obligation to obey valid court orders. *Maness v. Meyers*, 419 U.S. 449, 458 (1975). When Rosenblatt's clients insisted on continuing litigation that had been discharged, his ethical obligation was to advise them that their claims were legally extinguished or to withdraw—not to facilitate the violation by inviting the EDNY to disregard the Texas proceeding.

The remedy was also tailored. The court did not imprison anyone, impose punitive fines untethered to compliance, or command impossibilities. It ordered the contemnors to seek dismissal

15

of claims they were improperly asserting and imposed daily sanctions only if they chose to persist. Substantial compliance is an absolute defense to civil contempt. *M.D. by Stukenberg v. Abbott*, 119 F.4th 373, 384 (5th Cir. 2024). The sanctions can be stopped the moment Appellants conform their behavior to the requirements of the confirmation order. That falls well within the court's discretion.

**CONCLUSION**

The Bankruptcy Court correctly held that Nelkin's charging lien and contingency-fee interest were vested property rights under New York law, that the Two Rivers Parties' fee-forfeiture litigation was a discharged prepetition claim, and that Appellants violated the discharge injunction by urging the EDNY to proceed notwithstanding confirmation. The court properly exercised post-confirmation jurisdiction and fashioned an appropriate coercive remedy.

Appellee Nelkin & Nelkin, P.C. respectfully requests that the Court affirm the Bankruptcy Court's Memorandum Opinion, contempt order, and related relief in all respects, and grant all further relief to which Appellee is justly entitled.

Dated: April 10, 2026

Respectfully submitted,

By: */s/ Johnie Patterson*
Johnie Patterson
SBN 15601700
Miriam T. Goott
SBN 24048846
Attorney For Appellee

OF COUNSEL:
**WALKER & PATTERSON, P.C.**
Miriam T. Goott
SBN 24048846
P. O. Box 61301
Houston, TX 77208-1301
(713) 956-5577 (telephone)
(713) 956-5570 (fax)
jjp@walkerandpatterson.com
mgoott@walkerandpatterson.com

17

**CERTIFICATE OF SERVICE**

I certify that on April 10, 2026, a true and correct copy of this Brief of Appellee was served on all counsel of record via the Court's CM/ECF system.

*/s/ Johnie J. Patterson*

Johnie J. Patterson

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Bankruptcy Procedure 8015(h), I certify that this brief complies with the type-volume limitation of Rule 8015(a)(7). According to the word-count function of the word-processing system used to prepare this brief, it contains 4563 words, excluding the parts of the brief exempted by Rule 8015(g). This brief complies with the typeface requirements of Rule 8015(a)(5) and the type-style requirements of Rule 8015(a)(6) because it has been prepared in a proportionally spaced typeface using 12-point Times New Roman font.

*/s/ Johnie J. Patterson*

Johnie J. Patterson